IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| MISSOURI TITLE LOANS, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:10-CV-00760-DGK |
| CITY OF KANSAS CITY, MISSOURI, | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO REMAND**

Plaintiff Missouri Title Loans, Inc. filed suit in the Circuit Court of Jackson County, Missouri, challenging the validity of a zoning ordinance enacted by the City of Kansas City. Plaintiff subsequently moved to amend its petition to include a claim arising under Federal law. The state court never ruled on the motion to amend, but Defendant answered the amended petition and subsequently removed the case to federal court.

Now before the Court is Plaintiff's Motion to Remand (doc. 5). Plaintiff argues that because the state court never ruled on the motion to amend it is unclear whether the petition was actually amended, thus it is unclear whether this Court has jurisdiction to hear this dispute. Defendant argues that Missouri Rule of Civil Procedure 55.33(a) allows a petition to be amended by written consent of the adverse party, and that by filing an answer to the amended petition it is deemed to have given written consent to the amended petition.

Finding that the state court record at the time of removal is unclear, and mindful that all doubts concerning whether removal was appropriate should be resolved in favor of remand, the Court GRANTS Plaintiff's motion.

**Factual and Procedural Background**

On February 11, 2010 Plaintiff filed suit against Defendant in the Circuit Court of Jackson County, Missouri, case number 1016-CV05191, challenging Defendant's zoning ordinance regulating where short term loan establishments may be located. The Petition sought a declaratory judgment and injunctive relief.

On July 1, 2010, Plaintiff moved to amend the Petition to add a § 1983 claim. Attached to the motion was the proposed amended petition. The clerk file-stamped both the motion and the proposed amended petition, leaving the impression that the amended petition itself had been filed. The state court docket, however, does not list the amended petition as being filed.

The state court judge never ruled on the motion to amend,[1] but Defendant filed an Amended Answer on July 19 responding to it. On August 4, 2010, Defendant removed the case to this Court.

**Standard**

An action may be removed by the defendant to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). Even if the case as stated by the initial pleading is not removable, the case may subsequently become removable. "[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," except that a case

---

[1] There is some confusion whether the state court might have ruled on the motion to amend. On July 7 the court held a case management conference with the parties. During the conference the court noted the motion for leave to amend the petition, and asked Defendant if it objected. Defendant orally stated it did not object and was considering removal to federal court. Although nothing further was discussed, there appears to have been no formal ruling on the motion.

may not be removed more than one year after commencement of the action. 28 U.S.C. § 1446(b). A claim brought under 42 U.S.C. § 1983 is a claim that arises under the laws of the United States, and as such it is a civil claim over which the district court has original federal question jurisdiction over pursuant to 28 U.S.C. § 1331.

Finally, and of particular importance in this case, the Court notes the burden of establishing federal jurisdiction is on the party seeking removal, *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993), and that all doubts are resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

**Discussion**

Defendant makes a persuasive argument that by answering the amended petition and removing the case to federal court it has consented to amending the petition. That said, the Court sees no reason why a jurisdictional cloud should hang over this lawsuit, particularly since Defendant apparently has no objection to clarifying the state court record: Plaintiff reports Defendant has offered to file a motion in the state court case seeking a nunc pro tunc order clarifying the status of the amended petition. Filing such a motion would be futile, however, because once a notice of removal has been filed the state court no longer has jurisdiction over the case. 28 U.S.C. § 1446(d); *see Ward v. Resolution Trust Corp.*, 972 F.2d 196, 198 (8th Cir. 1992)*; Turner v. Healthcare Services Group, Inc.*, 156 S.W.3d 431, 433 (Mo. App. 2005)

The Court finds that the state court record is ambiguous and that clarifying the state court record[2] would benefit the parties and preserve scarce judicial resources by avoiding subsequent litigation over subject matter jurisdiction. Given the state court record the Court finds there is

---

[2] For example, by clarifying if the amended Petition was filed, and if so, when, and by clarifying whether the Court granted leave to amend the Petition, or if Defendant consents to amending the Petition.

3

doubt whether removal was appropriate and hereby remands this case to the Circuit Court of Jackson County.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand (doc. 5) is GRANTED.

**IT IS SO ORDERED.**

Date:  October 22, 2010                         /s/ Greg Kays
                                                GREG KAYS, JUDGE
                                                UNITED STATES DISTRICT COURT